**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

November 18, 2014

**VIA ECF**
The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE:   Dick v. Credit Bureau**
         **14 CV 6680 (RJD) (LB)**

Dear Judge Dearie:

I represent the plaintiff in the above referenced matter. Instead of interposing an answer to the complaint, the defendant has filed a motion for a pre-motion conference to file a motion to strike the Plaintiff's Complaint for failure to comply with the mandates of Fed. R. Civ. P. 8. Though the defendant's theories are erroneous,[1] the plaintiff has filed amended the complaint as of right, and to the extent that defendant has argued that there was an unnecessary burden in regard to responding to the complaint, Plaintiff has amended the complaint so that the citations are in footnotes. Therefore, the amended complaint poses no burden and clearly meets Fed. R. Civ. P. 8. In fact, the complaint now enhances defendant's "fair notice" of plaintiff's claims and her theory of liability.[2] See. _Khaytin v. Stern & Stern, ESQS._, 2013 U.S. Dist. LEXIS 144091, 19, 2013 WL 5520000 (E.D.N.Y. Sept. 30, 2013) (mentioning that Plaintiff's theory of liability principally relies on a case cited in the complaint")

Although the defendant is always free to request pre motion conference for permission to file a motion to strike, the record now reflects that after the filing of the first amended complaint the issue is now moot.

In the interest of a useful expenditure of the parties' time, we ask that the court deny the request for a pre motion conference unless the defendant can now show a reason to seek permission to file a motion to strike. See _Pinkesz v. Portfolio Recovery Associates, LLC_., No. 1:12-cv-02508 Doc 19 (E.D.N.Y. Nov 14, 2012)

---

[1] See _Sykes v. Mel Harris & Assocs., LLC,_ 1:09-cv-08486 Doc# 2 (S.D.N.Y. 2009) (Complaint was 60 pages and included 265 paragraphs and many citations) _DiPetto v. US Postal Service,_ Court of Appeals, 2nd Circuit 2010 "[d]ismissal... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." _Simmons v. Abruzzo,_ 49 F.3d 83, 86 (2d Cir. 1995) (quoting _Salahuddin v. Cuomo,_ 861 F.2d 40, 42 (2d Cir. 1988)). _Khaytin v. Stern & Stern, ESQS._, 2013 U.S. Dist. LEXIS 144091, 19, 2013 WL 5520000 (E.D.N.Y. Sept. 30, 2013) (mentioning that Plaintiff's theory of liability principally relies on a case cited in the complaint")

[2] Plaintiff has amended the complaint despite that Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain **at the very minimum** a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Simple, concise, and direct does not mean the complaint should not be thorough, the language in Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain **at the very least** "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) is defining the "fair notice" standard which would need to be at the bare minimum. Rule 8 is not meant to limit the comprehensiveness of the allegation. Rule 8 "does not countenance pleadings that are conclusory; it requires factual and specific allegations that are sufficient to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.`" Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

("Since defendant's pre-motion conference request related to the original complaint, this Court agrees with plaintiff that the November 1, 2012, request has been mooted by the filing of the amended complaint. Defendant has 14 days from service of the amended pleading in which to answer or file a pre-motion conference request relating to the amended complaint.) *Goldstein v. Frederick J. Hanna & Associates, P.C.* No. No. 1:13-cv-00776 (E.D.N.Y Apr 14, 2013) (same)

It appears to be a practice nationwide to include case citations, however, if the Court still deems the footnotes as beyond the requirements of Rule 8, plaintiff will file a second amended complaint so that we can proceed accordingly.

Thank you for the Court's consideration of the foregoing.


Yours faithfully,


Adam J. Fishbein

Cc:   Robert L. Arleo, Esq.